UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LISA ALEXANDER, on behalf of herself and all others similarly situated, | : <br> : <br> : |
| Plaintiff, | :    CIVIL ACTION NO.: 1:22cv20377 <br> : |
| v. | : <br> : <br> : |
| PRO SOUND GEAR, INC | : <br> : |
| Defendant. | : <br> : <br> : |

## CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes, Lisa Alexander individually and on behalf of all others similarly situated, brings this action against Pro Sound Gear, Inc., [hereinafter "PSG" and/or "Defendant"] the Defendant herein, to obtain damages, restitution, and injunctive relief for the Class, as defined below, from Defendant. Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record.

## NATURE OF THE ACTION

1. The Defendant, as a matter of practice, engages in deceptive conduct by: falsely advertising the sale of goods that it has no intention of actually selling; intentionally shipping goods that are either defective or different than what people ordered; and then to make matters worse, issuing fake refunds to complaining consumers and then sending consumers on a wild goose chase by falsely claiming the consumer's bank must not have processed the refund correctly. This class action is brought on behalf of a class of consumers who purchased goods

1

from the Defendant who in turn failed to abide by its refund and return policy. This action seeks to end Defendant's knowing, intentional, and deliberate fabricated return policy scheme through which it continues to collect substantial profits from consumers.

## PARTIES

2. Plaintiff, Lisa Alexander, is an individual who resides in Broomfield, Colorado.

3. Defendant, Pro Sound Gear, Inc., is a Florida corporation located at 1225 NW 93rd CT, Doral, FL 33172.

## JURISDICTION AND VENUE

4. Venue is proper in this jurisdiction because Defendant resides here, its principal location is here and has its registered agent here.

5. This Court has personal jurisdiction over this action because Defendant has sufficient minimum contacts with this District and has purposefully availed itself of the privilege of doing business in this District such that it could reasonably foresee litigation being brought in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

7. Jurisdiction is also proper because the amount in controversy is over $75,000.00 and the Plaintiff is the resident of another state and Defendant is a resident of this state.

## FACTUAL ALLEGATIONS

**Defendant's Business**

8. PSG is in the business of selling professional DJ equipment, professional lighting equipment, professional recording equipment, and professional audio equipment.

9. PSG markets its products throughout the United States through its online

website.

10. PSG advertises on its website that it provides the best products and personal support all backed by their "Best Price + Plus Guarantee." Specifically, PSG states on its website the following:



See https://www.prosoundgear.com/about-us/

**PSG Advertises it has a Stellar Reputation and
A+ rating with the Better Business Bureau.**

11. PSG advertises that it has a Stellar reputation and holds an A+ rating with the Business Bureau. More Specially, PSG states on its website the following:



See https://www.prosoundgear.com/about-us/

3

**PSG advertises on its website that it has
a 30-day Money Back, "No Hassle" Guarantee**

12. PSG advertises on its website under their return policy that a person may return an item for a full refund (less shipping) for any reason within 30 days. Specifically, PSG advertises on its website the following:



https://www.prosoundgear.com/return-policy/

13. PSG also advertises on its website under its return policy that is has a "No Hassle" Return Policy. Specifically, PSG sets forth its "No Hassle" return policy as follows:

https://www.prosoundgear.com/return-policy/

> **"No Hassle" Return Policy:**
> We want you to be completely happy with your purchase. If you are not satisfied with any product, for any reason, you may return it for a refund of the purchase price, an in-house credit, or exchange for another product within a fair amount of time from the shipping date (usually 30 days). If your purchase was eligible for free shipping, the shipping cost will be deducted from your credit or refund.

**Defendant's Deceptive Practices**

Defendant, as a matter of practice, engages in deceptive conduct by falsely advertising the sale of goods that it has no intention of actually selling, intentionally shipping goods that are either defective or different than what people ordered, and then to make matters

worse, issuing fake refunds to complaining consumers, and then sending consumers on a wild goose chase by falsely claiming the consumer's bank must not have processed the refund correctly.

14. Defendant also falsely advertises its return policy; a person may return an item for a full refund (less shipping) for any reason within 30 days.  When a customer requests a refund, the Defendant fails to issue a refund in accordance with its refund policy.

15. Defendant also falsely advertises on its website that, "*We maintain an A+ rating with the Better Business Bureau*," however this statement is false as the Better Business Bureau [hereinafter "BBB"] currently has PSG with a "F" rating and 38 complaints within the last 36 months.

16. Individuals who purchased goods from the Defendant and were not given a refund sought help from the Better Business Bureau:



**Complaint Type:** Problems with Product/Service   **Status:** Unanswered



04/23/2021

On April 7th I attempted to purchase an item from this retailer, the product that had posted for sale was not actually available. When the company reached out and said they no longer had this product but that it would be available at a later date but that the price might change I requested a refund. They immediately responded with an email claiming my purchase was refunded and that everything was okay. It is now well over 14 days later and I've reached out to my bank to find out about the refund. Bank of America responded to my call with information stating this company has never once attempted to process my refund. When I reached back out to the company, **** ****** of sales responded with an email stating that there was an indication on file that they already refunded me and they could do nothing else.

**Desired Outcome**
Refund

**Complaint Type:** Problems with Product/Service   **Status:** Unanswered



04/15/2021

This company is not following their customer satisfaction return policy .. They won't refund money I paid after I returned complete merchandise I purchased product and they delivered wrong merchandise .. I returned item for refund in accordance with their return policy ...spoke with several reps and a supervisor.. all promised to refund money .. they never did

**Desired Outcome**
I need a refund for the item that I purchased : an evolve 50 speaker system .. I returned item without opening it , so I shouldn't be charged a restocking fee .. I had to pay for shipping when it was their mistake

**Complaint Type:** Delivery Issues   **Status:** Unanswered



04/12/2021

I ordered the Roland jd xi stage kit, which includes a Roland jd xi keyboard, headphones, cables and a stand. I have only received the stand. I paid 529.99 online via debit and my bank raised flags as an off purchase on 3/23/2021. Received 1 of 4 pieces and it trigged an ingoing investigation with ups. The sales representative states the investigation is still going on for weeks. Help!

**Desired Outcome**
I paid 529.99 i would like to forward you the emails, they just didn't send the full package. I would like a refund, but also if I have to send the stand back, I would like it to be send via certified mail. Currently this situation is under investigation for 10 days through ups.

**Complaint Type:** Problems with Product/Service   **Status:** Unanswered



02/04/2021

Returned items due to not receiving the pair of headphones. Then was charged a restocking fee for falsely claiming I opened the items. Purchase a Darkglass Microtubes 900v2 bundle the included a Gator *********** and some AT ATHM-30X headphones through Reverb.com for $820.71 on 1/8/2021 order number XXXXXXXX Heres my Issue/Complain with Pro Gear Sound From Reverb.com Upon Receiving the package on 1/14/2021 I noticed not the AT ATHM-80x headphones were missing and ive only received the Darkglass Microtubes 900v2 and the Gator *********** in the package. I contacted a customer service employee from Pro Gear Sound through the Reverb website on 1/14/2021 shortly after receiving the package. I told the customer service rep for Pro Sound Gear that I was missing the AT ******* headphones from my order. They replied back saying that they actually are out of stock would you like a credit of $40. I decided to just return the items for a full refund seeing that on their Reverb reviews this kind of thing was happening alot to their customers. I then requested a full refund of the $820.71 on 1/25/2021 Keep in mind, I DID NOT OPEN THE ITEMS OR USE THE ITEMS BEFORE RETURNING THEM. I returned the UNOPENED items back to Pro Gear Sound and had it professionally packed and sent out on 1/27/2021. FedEx delivered the package on 2/2/2021 to Pro Gear Sound. I messaged customer service department on 2/4/2021 and was given a partial refund of $697.72 due to the items being used, Ive never opened the item upon receiving them, both items were exactly as I received them. I DID NOT USE THE ITEMS!

**Desired Outcome**
I would like them to admit that I never opened and used the items and to reverse the 15% restocking fee and issue my $820.71








17. Over two years ago, the BBB asked the Defendant to change its false advertising,

7

which the Defendant still has not done to this day:



https://www.bbb.org/us/fl/doral/profile/audio-visual-equipment/pro-sound-gear-inc-0633-90353828

**Plaintiff's Experiences**

18. In April of 2021, Plaintiff ordered some studio equipment from Defendant.

19. On April 24, 2021, after the equipment had still not been received, Plaintiff called in a dispute with Citibank, her credit card company used to make the purchase.

20. Soon after, Defendant notified Plaintiff that the equipment was scheduled to be delivered, and then Plaintiff cancelled her dispute with her credit card company.

21. When the equipment arrived, the Plaintiff realized that her order was only partially delivered. When Plaintiff called Defendant to complain, the Defendant told her that they wouldn't be able to make full delivery and that if she was not satisfied, they could issue a refund.

22. Pursuant to Defendant's instructions, Plaintiff shipped back the merchandise, and on May 26, 2021, Defendant informed Plaintiff that it had issued her a refund.  However, what the Plaintiff did not know at the time, but would later discover, is that Defendant issued her a fake refund, and created a fake and fraudulent notification that it had issued a refund back to her card.

23. Plaintiff began checking her credit card statements, and after not seeing the refund, began calling Citi Bank, spending hours on the phone with them on multiple occasions.

24. After extensive conversations with Citibank, Plaintiff eventually discovered that the

"refund" was fake, and that Defendant had generated false and fraudulent transaction numbers for the "refund."

25. Unfortunately for Plaintiff, by the time she discovered Defendant's fraud, her deadline to dispute the transaction under the Fair Credit Billing Act had expired, and she was stuck being held liable for charges made by PSG.

26. After complaining again to PSG, they again fraudulently told her that they really did issue a refund, and that the problem was with Plaintiff's bank.

27. According to complaints on the Better Business Bureau, Plaintiff's complaint is not unique by any means.  https://www.bbb.org/us/fl/doral/profile/audio-visual-equipment/pro-sound-gear-inc-0633-90353828.  Defendant has an "F" rating with the BBB, who also issued a request to Defendant to stop telling people that they maintained an A+ rating with the BBB.

28. Defendant, as a matter of practice, engages in deceptive conduct by falsely advertising the sale of goods that it has no intention of actually selling, intentionally shipping goods that are either defective or different than what people ordered, and then to make matters worse, issuing fake refunds to complaining consumers, and then sending consumers on a wild goose chase by falsely claiming the consumer's bank must not have processed the refund correctly.

29. Defendant also falsely advertises that under its return policy, a person may return an item for a full refund (less shipping) for any reason within 30 days.

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated ("the Class").

31. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All individuals who in the past four years who purchased goods from Defendant and attempted to obtain a refund within 30 days of purchase of goods from the Defendant, who did not receive a full refund.

Excluded from the Class are Defendant's officers, directors, and employees; any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

32. <u>Numerosity</u>. The members of the Class are so numerous that joinder of all of them is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, the class consists of approximately over 100 people. The number of Class members is known by Pro Sound, however, and thus may be notified of the pendency of this action by first class mail, electronic mail, or published notice.

33. <u>Commonality</u>. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether PSG issued false refunds.

    b. Whether PSG falsely advertises and mispresents that it maintains an A+ rating with the BBB.

    c. Whether PSG failed to issue a full refund within thirty (30) days of purchased.

    d. Whether PSG created, designed, reviewed, and/or approved deceptive advertising.

    e. Whether PSG violated the Florida Deceptive and Unfair Trade Practices Act

  f. Whether PSG's violations of the law were committed knowingly and/or intentionally;

  g. Whether Plaintiff and Class Members suffered legally cognizable damages as a result of Defendant's misconduct;

  h. Whether Plaintiff and Class Members are entitled to damages, treble damages, civil penalties, punitive damages, and/or injunctive relief.

34. <u>Typicality.</u> Plaintiff's claims are typical of those of other Class Members in that PSG deceived Plaintiff in the very same manner that it deceived each of the other Class Members.

35. <u>Adequacy of Representation.</u> Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions.

36. <u>Predominance.</u> Defendant has engaged in a common course of conduct toward Plaintiff and Class Members. The common issues arising from Defendant's conduct affecting Class Members, as described *supra*, predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

37. <u>Superiority.</u> A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish

incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

38. Defendant has acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

### FOR A FIRST CAUSE OF ACTION
### VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA"), 501.201 *et seq.*
**(On Behalf of Plaintiff, Class Members, and Subclass Members)**

39. Plaintiff re-alleges and incorporates the paragraphs one (1) through thirty-seven (37) of this Complaint as if fully set forth herein.

40. Plaintiff is an individual and at all times was a resident of the state of Colorado.

41. At all times relevant to this action, Defendant, PSG, was a corporation engaged in the business of selling and marketing goods and products, including: professional DJ equipment; professional lighting equipment; professional recording equipment; and professional audio equipment throughout the state of Florida and throughout the United States.

42. As detailed herein, Defendant violated the FDUTPA by intentionally, knowingly, and deliberately falsely advertising the sale of goods it has no intention of actually selling, intentionally shipping goods that are either defective, or different than what people ordered, and then to make matters worse, issuing fake refunds to complaining consumers, and then sending consumers on a wild goose chase by falsely claiming the consumer's bank must not have processed the refund correctly. Additionally, the Defendant violated the FDUTPA by intentionally, knowingly, and

12

deliberately advertising a deceptive "A" rating with the BBB and a return policy that the Defendant has no intention on fulfilling, in order to profit off of unsuspecting individuals.

43. In the alternative, as detailed herein, the Defendant is liable for knowingly providing deceptive and unfair trade practices in violation of the FDUTPA.

44. Defendant's false, deceptive, and misleading advertisements regarding its return policy and "A" rating with the BBB are likely to deceive, and in fact, did deceive members of the public, including Plaintiff and the other Class and Subclass Members, who reasonably and correctly believe that the Defendant will honor its return and refund policy, and therefore were induced to purchase goods and products through the Defendant's false, deceptive, and misleading representations.

45. Defendant's deceptive acts and practices alleged herein deceived Plaintiff and Class Members who would not have purchased goods from the Defendant but for Defendant's intentional and knowingly deceptive scheme.

46. Plaintiff and Class Members suffered damages when they were misled into purchasing goods from the Defendant as a result of Defendant's deceptive and unfair practices.

## FOR A SECOND CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION
**(On Behalf of Plaintiff and Class Members)**

47. Plaintiff re-alleges and incorporates the paragraphs one (1) through thirty-seven (37) of this Complaint as if fully set forth herein.

48. At all times during the relevant time period, Defendant represented that they provide a thirty (30) day, "no hassle" refund and return policy.

49. At all times during the relevant time period, Defendant represented that it has an "A" rating with the BBB.

50. Defendant knew that it would not provide a thirty (30) day, "no hassle" refund and return policy.

51. Defendant knew that it does not have an "A" rating with the BBB as advertised on its website.

52. Furthermore, Defendant knew that reasonable consumers would rely on the representations set forth by the Defendant on its website.

53. Defendant knowingly advertised and represented on its website that it would provide a no-hassle, thirty (30) day refund in an attempt to induce customers to make purchases from Defendant.

54. Defendant knowingly advertised and represented on its website that it has an "A" rating with the BBB in an attempt to induce customers to make purchases from Defendant.

55. Plaintiff, and Class Members purchased goods from the Defendant in reliance on Defendant's knowing and willful misrepresentation of its refund and return policy.

56. Plaintiff and Class Members purchased goods from the Defendant in reliance on Defendant's knowing and willful misrepresentation that it has an "A" rating with the BBB.

57. Plaintiff and Class Members were damaged as a result of Defendant's misrepresentations.

**FOR A THIRD CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
**(On Behalf of Plaintiff and All Class Members)**

58. Plaintiff re-alleges and incorporates the paragraphs one (1) through thirty-seven (37) of this Complaint as if fully set forth herein.

59. At all times during the relevant time period, Defendant represented that it provides a thirty (30) day, "no hassle" refund and return policy.

60. At all times during the relevant time period, Defendant represented that it has an "A" rating with the BBB.

61. Furthermore, Defendant knew that reasonable consumers would rely on the representations set forth by the Defendant on its website.

62. Defendant knowingly advertised and represented on its website that it would provide a no-hassle, thirty (30) day refund in an attempt to induce customers to make purchases from Defendant.

63. Defendant knowingly advertised and represented on its website that it has an "A" rating with the BBB in an attempt to induce customers to make purchases from Defendant.

64. Plaintiff and Class Members purchased goods from the Defendant in reliance on Defendant's knowing and willful misrepresentation of its refund and return policy.

65. Plaintiff and Class Members purchased goods from the Defendant in reliance on Defendant's knowing and willful misrepresentation that it has an "A" rating with the BBB.

66. Defendant knew that under its advertised "A" BBB rating and "no-hassle" thirty (30) day return/refund policy, reasonable consumers would believe that they would receive a refund in the event the consumer would request a refund within thirty (30) days of purchase of the goods.

67. Alternatively, Defendant should have known that its representations regarding its "A" BBB rating and its "no-hassle" thirty (30) day return/refund policy, were false.

68. Defendant knowingly advertised and represented on its website that it had an "A" BBB rating and that it would provide a "no-hassle" thirty (30) day return/refund policy, in an attempt to induce customers to purchase from Defendant.

69. Plaintiff and Class Members justifiably relied on Defendant's misrepresentations

regarding its "A" BBB rating and "no-hassle" thirty (30) day return/refund policy, including those misrepresentations set forth on Defendant's website.

70. Plaintiff and Class Members were damaged as a result of Defendant's misrepresentations.

### FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff and All Class Members)

71. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37)) of this Complaint as if fully set forth herein.

72. Plaintiff and Class Members have conferred a benefit upon Defendant by purchasing goods from the Defendant.

73. Defendant has voluntarily accepted and retained amounts paid by Plaintiff and Class Members.

74. Given the nature of Defendant's misrepresentations, which were designed to induce Plaintiff and Class Members into making purchases from the Defendant, it would be inequitable for Defendant to retain the amounts they collected from Plaintiff, and Class Members.

75. The Plaintiff and Class Members do not have an adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

a) For an Order certifying this action as a class action and appointing Plaintiff and her Counsel to represent the Class;

b) For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined, as allowable by law;

c) For declaratory, injunctive, and other equitable relief as permitted by law, including enjoining Defendant from continuing the unlawful practices described herein.

d) For an award of punitive damages, as allowable by law;

e) For an award of attorneys' fees and costs, and any other expense, including expert witness fees;

f) Pre- and post-judgment interest on any amounts awarded; and

g) Such other and further relief as this court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: February 7, 2022

Respectfully submitted,

𝕽𝖔𝖇𝖊𝖗𝖙 𝕮. 𝕲𝖎𝖓𝖉𝖊𝖑 𝕵𝖗., 𝕻.𝕬.
1500 Gateway Boulevard
Suite 220
Boynton Beach, FL 33426
Telephone: (561) 649-2344
Facsimile: (561) 965-8550

BY:   /s/*Robert C. Gindel, Jr., Esquire*
         Robert C. Gindel Jr., Esquire
         Florida Bar No.: 470740

Matthew R. Osborne, Esquire
(to be admitted Pro Hac Vice)
11178 Huron Street, Suite 7
Northglenn, CO 80234
Telephone (303) 759-7018
Facsimile: (720) 210-9870